IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 99-31237
Summary Calendar
_____


DOUGLAS CHIN; C. CARLTON FOLSOM,

                                             Plaintiffs-Appellants,

                        versus

UNITED STATES DEPARTMENT
OF THE AIR FORCE,

                                             Defendant-Appellee.

_____

Appeal from the United States District Court for
the Western District of Louisiana
(U.S.D.C. No. 97-CV-2176)
_____

June 15, 2000

Before REAVLEY, BARKSDALE and STEWART, Circuit Judges.

PER CURIAM:[*]

        Douglas Chin and C. Carlton Folsom appeal the district court's final decision

regarding their request for records under FOIA and the denial of attorney's fees.  We

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

affirm.

The Supreme Court has endorsed the use of in camera inspection and redaction as "a workable compromise between individual rights and the preservation of public rights to Government information." Dept. of the Air Force v. Rose, 425 U.S. 352, 381 (1976) (internal quotations omitted). The Court also stated that if "deletion of personal references and other identifying information is not sufficient to safeguard privacy" then the documents should not be disclosed. Id. The documents in question contain information that the "disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). The redaction of Exhibit (2) strikes the appropriate balance between the pubic interest and the personal privacy of the concerned individuals. The refusal to disclose documents concerning Major Winterbotham was also proper because all of the information contained therein can be attributed to that individual and redaction would be insufficient to safeguard privacy.

Appellants' contention that unredacted disclosure under protective order would strike the appropriate balance mistakes the public purpose of FOIA. Chin's personal interest in the comparative details between his own case and the matters described in the documents is not a public interest. Disclosure of documents under protective order only serves a personal, and not a public, interest in the documents.

We disagree with the district court's ruling on attorney's fees in light of the record, which demonstrates that Folsom joined as a party only after the Air Force sought to avoid the lawsuit on the grounds of standing. Chin was clearly the real party in interest in this

2

lawsuit and Folsom was clearly acting on behalf of Chin and not on behalf of himself. We need not decide whether Cazalas v. U.S. Dept. of Justice, 709 F.2d 1051 (1983) is rendered moribund by Kay v. Erhler, 499 U.S. 432 (1991). Assuming, arguendo, that Erhler controls, the district court's denial of attorney's fees on the basis that Folsom was appearing pro se is clearly erroneous.

The threshold requirement for attorneys fees under FOIA is that the plaintiff must substantially prevail. 5 U.S.C. § 552(a)(4)(E). The production of one heavily redacted sheet of paper leaves significant doubt as to whether appellants have substantially prevailed. Assuming that they have, the remaining inquiry involves four factors: a) the benefit to the public from disclosing the requested information; b) the commercial benefit to the complainant; c) the nature of the complainant's interest in the records sought; and d) whether the government had a reasonable basis in law for withholding the records sought. Cazalas, 709 F.2d at 1053. The benefit to the public of the disclosure of this document is negligible. There is no apparent commercial benefit to the appellants, therefore this factor does not appear to significantly affect the determination. Chin's personal interest in the records is understandable, however the documents, even if disclosed in unredacted form, would have no impact on the Air Force decision on discharge. In light of exemption 6 and the opinion in Rose, it is clear that the government had a very reasonable basis in law to withhold the records sought. On balance, given the insubstantial gains achieved by this lawsuit, the denial of attorney's fees was proper. AFFIRMED.

3